Joshua Trigsted
Oregon State Bar ID Number 06531
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826  facsimile
jtrigsted@attorneysforconsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

**WHITNEY WOOD,**

      Plaintiff,

vs.

**MIDLAND CREDIT MANAGEMENT, INC.,**

      Defendant.

Case No.: 11-6219-HO

**COMPLAINT;**

DEMAND FOR JURY TRIAL

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

## II. JURISDICTION

2. Plaintiff's claim for violations of the FDCPA arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 USC § 1331.

## III. PARTIES

3. Plaintiff, Whitney Wood ("Plaintiff"), is a natural person residing in Lane County, Oregon.

Complaint – Page 1

ORX600006637

4. Defendant, Midland Credit Management, Inc., ("Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone. Defendant regularly attempts to collect debts alleged due another.

## IV. FACTUAL ALLEGATIONS

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

8. Within the last year, Defendant took multiple actions in an attempt to collect a debt from Plaintiff. Defendant's conduct violated the FDCPA in multiple ways, including the following:

9. Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff, including calling Plaintiff's telephone repeatedly after Defendant knew or should have known that Plaintiff was not the debtor and had no location information for the debtor. Beginning with the first call on approximately March 6, 2011, Defendant has been calling Plaintiff's cell phone number, 541-543-0077, in an attempt to reach a woman named Desiree Frost or Desiree Coleman. Each time Defendant asked for Desiree or her spouse, Plaintiff would tell them they are not there and Defendant would usually hang up. Eventually, Plaintiff spoke with a supervisor with Defendant named "Josh" and informed the supervisor that she was not Desiree Frost and

would like the calls to stop. The calls still continued after that. (§ 1692d(5)).

10. Within the last year, Defendant intentionally used an automated telephone dialing system to place multiple calls to Plaintiff's cellular telephone without the prior express consent of Plaintiff. Defendant violated this provision approximately 14 times within the last year.

11. As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

12. To the extent Defendant's actions, detailed above, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

13. Plaintiff reincorporates by reference all of the preceding paragraphs.

14. The preceding paragraphs state a *prima facie* case for Plaintiff and against Defendant for violations of the FDCPA, § 1692d.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages pursuant to 15 USC 1692k;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D.  Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,

E.  For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT

15. A Plaintiff reincorporates by reference all of the preceding paragraphs.

16. The preceding paragraphs state a *prima facie* case for Plaintiff and against Defendant for violations of the Telephone Consumer Protection Act, 47 USC § 227.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.  Declaratory judgment that Defendant's conduct violated the TCPA;

B.  Actual damages or $500 for each violation, whichever is greater, pursuant to 47 USC § 227(b)(3)(A)

C.  An award of three times the amount for which Defendant is found liable in paragraph "B," above, if it is found that Defendant willfully or knowingly violated 47 USC § 227(b).

D.  For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Dated this 5th day of July, 2011.

By: _____
Joshua Trigsted
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826 facsimile
Attorney for Plaintiff